UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PROVA GROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CINTAS CORPORATION,**<br><br>Defendant. | Civil Action No. 6:21-cv-915<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Prova Group, Inc. ("Plaintiff" or "Prova") accuses Cintas Corporation ("Defendant" or "Cintas") of infringing U.S. Patent Nos. 8,370,225 (the "'225 Patent"), 9,082,124 (the "'124 Patent"), 10,229,384 (the "'384 Patent"), 10,839,344 (the "'344 Patent") and 11,042,839 (the "'839 Patent") (collectively, the "Patents-In-Suit") as follows:

**PARTIES**

1. Prova is a corporation organized under the laws of the State of Texas with an address at 14902 Preston Road, Suite 404-1042, Dallas, TX 75254.

2. Upon information and belief, Defendant is a corporation existing under the laws of the State of Washington, having its principal place of business at 6800 Cintas Boulevard, Mason, Ohio 45040. Defendant can be served through its registered agent: Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

1

## JURISDICTION AND VENUE

3. This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District located at 211 Douglas Ave, Waco, TX 76712. Additionally, Defendant has committed and continues to commit acts of patent infringement in this Judicial District, including by making, using, offering to sell, and/or selling accused products and services in this District, and/or importing accused products and services into this District.

## BACKGROUND

6. This lawsuit asserts infringement of the Patents-In-Suit. True and correct copies of the Patents-In-Suit are attached hereto as Exhibits A-E.

7. Plaintiff is the assignee and owner of all right, title and interest in and to the Patents-In-Suit. Prova's ownership interest includes but is not limited to the right to assert all causes of action and obtain any remedies for infringement of the Patents-In-Suit.

8. The Patents-In-Suit claim priority to U.S. Patent Application No. 10/038,292, which was filed on January 4, 2002.

9. Prova was founded in 2002 in pursuit of its vision to develop and sell inventory authentication and control solutions for a variety of industries and applications.

10. Prova was an early innovator of item authentication and tracking systems. Recognizing the broad potential of Radio Frequency Identification (RFID) devices, which had yet to be widely adopted at the time, Prova identified the need and specific challenges related to authenticating tracked items through chains of custody once ownership of items is established.

11. Prior to the invention of Prova's patented technology, inventory tracking systems were known to track the "state" of an item. That is, for example, whether an item was "in stock", sold, deliverable into inventory, returned, or other state involving the current status of the item.

12. Separately, systems existed that associated users with an item for limited purposes, such as when an item—a vehicle for example—was subject to a warranty for a particular purchaser.

13. However, no system then existed for maintaining both ownership and state information, such as would be useful when items traveled through one or more chains of custody while also changing "states."

14. Prova's patented system utilizes a method and system of tracking items through one or more chains of custody by use of authentication devices affixed to unique items, and by associating and verifying both ownership and item state information as the item travels across the chain or chains. Using this method, the system authenticates the specific item in question through description and identification information, information about the past and present state of the item, the current custodian or "owner," and subsequent custodians through a chain of custody. The technology is the first to provide a comprehensive system that encompasses tracking and authentication of state, ownership, and identification of items through a series of both state and custodial changes, and in addition, provides that information on-demand to individuals within the chains of custody.

15. The inventors of the Prova Patents contemplated an initial embodiment of their inventions for use in the field of sports equipment and memorabilia, which often involves items that move through multiple chains of custody. This initial embodiment was implemented for the St. Louis Rams, and was used to control inventory that was used by players (such as jerseys and helmets) by checking that inventory out to individual players, by checking the inventory back in after the game and by tracking state variables associated with the inventory, such as whether the player scored any points during the game, which is a first chain of custody. Those items could subsequently be sold, and the succession of owners is a second chain of custody. These chains can include changes in absolute title to the item (such as if the team or player sold a jersey), or in temporary changes of custodial ownership of the item for specific purposes unrelated to title (such as checking the equipment out to the player for use during a game). In either case, tracking both the custodial ownership and state of the item is crucial to maintaining the integrity of the item, its association with certain "events" that impact the state of the item, and/or preventing loss.

16. The Prova patented systems also contemplates a "personal tracking portal," which allows individualized tracking of items through chains of custody when control of the items have been temporarily relinquished. This allows the user to track, in real time, both the state and custodial ownership of the item as it moves through a chain outside the user's custody. The system further provides for alerts when, for example, the item encounters an unanticipated change in state or custodial ownership.

17. At the time of their priority date, and in view of a person of ordinary skill at that time, the Patents-In-Suit disclosed an unconventional and non-routine advancement in technology relating to authentication technology. The patented systems relate specifically to an improvement of systems involving physical tracking identifiers affixed to unique items, as those items change

both state and ownership over a chain of custody. Previous systems failed to transform items identified by physical identification devices into authenticated items throughout both state and ownership chains.

18. On information and belief, Defendant is currently employing an authentication and tracking system, referenced in part as the "TruCount garment tracking system," that one or more claims of each of the Pantents-In-Suit.

19. On further information and belief, Defendant employs the technology claimed by the Patents-In-Suit to track and authenticate items, such as and without limitation, professional uniforms containing authentication devices affixed by Defendant. Defendant's infringing system tracks items through multiple states and chains of custody.

20. Furthermore, Defendant is involved with the Textile Rental Services Association ("TRSA"), an industry trade group that has announced that it is taking the unusual step of challenging the patents of Prova on behalf of its members under the guise of protecting its smaller members, see https://www.trsa.org/news/company-owned-millionaire-sports-figure-hurting-small-business/.

21. Defendant, an active member of the TRSA Government Affairs Committee (https://www.trsa.org/membership/committees/government-affairs/) is believed to have been instrumental in this effort and would have been involved in discussions with other TRSA members about the Prova patents. As such, Defendant was aware of the Prova patent portfolio and helped TRSA to take action against it in filing a request for Inter Partes Review against one of the Prova patents that is not asserted in this matter.

## COUNT I - INFRINGEMENT OF THE '225 PATENT

22. The allegations set forth in the paragraphs 1 through 21 above are fully incorporated into this First Count for Relief.

23. Upon information and belief, Defendant has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claim 1 of the '225 Patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the TruCount garment tracking system (the "Accused Instrumentality"). An exemplary comparison of the TruCount garment tracking system with claim 1 of the '225 Patent is attached as Exhibit A-1.

24. On information and belief, the Accused Instrumentality is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers in this District.

25. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '225 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the TruCount garment tracking system especially made or adapted for use in an infringement of the '225 patent. The Accused Instrumentality is a material component for use in practicing the '225 Patent, is specifically made in a way to enable infringement of the '225 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

26. Prova has been harmed by Defendant's infringing activities and is entitled to relief not less than a reasonable royalty.

## COUNT II - INFRINGEMENT OF THE '124 PATENT

27. The allegations set forth in the paragraphs 1 through 26 above are fully incorporated into this Second Count for Relief.

28. Upon information and belief, Defendant has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claim 10 of the '124 Patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the TruCount garment tracking system (the "Accused Instrumentality"). An exemplary comparison of the TruCount garment tracking system with claim 10 of the '124 Patent is attached as Exhibit B-1.

29. On information and belief, the Accused Instrumentality is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers in this District.

30. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '124 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the TruCount garment tracking system especially made or adapted for use in an infringement of the '124 Patent. The Accused Instrumentality is a material component for use in practicing the '124 Patent, is specifically made in a way to enable infringement of the '124 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

31. Prova has been harmed by Defendant's infringing activities and is entitled to relief not less than a reasonable royalty.

## COUNT III - INFRINGEMENT OF THE '384 PATENT

32. The allegations set forth in the paragraphs 1 through 31 above are fully incorporated into this Third Count for Relief.

33. Upon information and belief, Defendant has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claim 1 of the '384 Patent by making, using, selling, importing and/or providing and causing to be used without authority

within the United States, the TruCount garment tracking system (the "Accused Instrumentality"). An exemplary comparison of the TruCount garment tracking system with claim 1 of the '384 Patent is attached as Exhibit C-1.

34. On information and belief, the Accused Instrumentality is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers in this District.

35. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '384 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the TruCount garment tracking system especially made or adapted for use in an infringement of the '384 Patent. The Accused Instrumentality is a material component for use in practicing the '384 Patent, is specifically made in a way to enable infringement of the '384 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

36. Prova has been harmed by Defendant's infringing activities and is entitled to relief not less than a reasonable royalty.

## COUNT IV - INFRINGEMENT OF THE '344 PATENT

37. The allegations set forth in the paragraphs 1 through 36 above are fully incorporated into this Fourth Count for Relief.

38. Upon information and belief, Defendant has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claim 1 of the '344 Patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the TruCount garment tracking system (the "Accused Instrumentality"). An exemplary comparison of the TruCount garment tracking system with claim 1 of the '344 Patent is attached as Exhibit D-1.

39. On information and belief, the Accused Instrumentality is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers in this District.

40. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '344 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the TruCount garment tracking system especially made or adapted for use in an infringement of the '344 Patent. The Accused Instrumentality is a material component for use in practicing the '344 Patent, is specifically made in a way to enable infringement of the '344 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

41. Prova has been harmed by Defendant's infringing activities and is entitled to relief not less than a reasonable royalty.

## COUNT V - INFRINGEMENT OF THE '839 PATENT

42. The allegations set forth in the paragraphs 1 through 41 above are fully incorporated into this Fifth Count for Relief.

43. Upon information and belief, Defendant has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claim 1 of the '839 Patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the TruCount garment tracking system (the "Accused Instrumentality"). An exemplary comparison of the TruCount garment tracking system with claim 1 of the '839 Patent is attached as Exhibit E-1.

44. On information and belief, the Accused Instrumentality is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers in this District.

45. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '839 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the TruCount garment tracking system especially made or adapted for use in an infringement of the '839 Patent. The Accused Instrumentality is a material component for use in practicing the '839 Patent, is specifically made in a way to enable infringement of the '839 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

46. Prova has been harmed by Defendant's infringing activities and is entitled to relief not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed and induced others to infringe the Patents-In-Suit;

b. a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement or contributing to the infringement of the Patents-In-Suit, or such other equitable relief the Court determines is warranted;

c. a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-In-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

d. any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED September 3, 2021.                    Respectfully submitted,

By: */s/ Neal Massand*
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF
PROVA GROUP INC.**